# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JADE A. COOPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-148-G |
| THE CITY OF ALVA, OKLAHOMA, a municipal corporation, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Now before the Court is Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 13). Defendant has responded (Doc. No. 17), and Plaintiff has replied (Doc. No. 18).

## BACKGROUND

In this action, Plaintiff brings claims for violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and Oklahoma's Anti-Discrimination Act ("OADA") based on gender discrimination. Plaintiff alleges she was terminated because of her pregnancy in retaliation for requesting reasonable accommodation. Compl. (Doc. No. 1) ¶¶ 3, 15. Defendant filed its Answer (Doc. No. 7) to the Complaint on March 15, 2019.

In her Motion, Plaintiff argues that defenses 4 and 7 of the Defendants' Answer should be stricken as "legally deficient or insufficiently pled." Pl.'s Mot. at 2. These defenses allege:

4. Plaintiff's claims may be time barred.

> 7. To Defendant's knowledge, Plaintiff did not comply with the Oklahoma Governmental Tort Claims Act, and compliance with it is a prerequisite to suing the City under the OADA.

Answer at 3, 4. Defendant responds that the *Twombly/Iqbal* standard does not apply to affirmative defenses and that the challenged defenses provide Plaintiff with fair notice of what defenses and affirmative defenses Defendant will pursue. Def.'s Resp. at 3, 5.

## STANDARD OF DECISION

Rule 8 of the Federal Rules of Civil Procedure prescribes that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and must "affirmatively state any avoidance or affirmative defense," Fed. R. Civ. P. 8(c)(1). Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). Rule 12(f) relief, however, is generally considered a "drastic remedy" and is disfavored. *Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2 (W.D. Okla. Feb. 5, 2018). "A defense should not be stricken if there is any real doubt about its validity, and the benefit of any doubt should be given to the pleader." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) (alteration and internal quotation marks omitted).[1]

---

[1] Recognizing the diverging views in the federal district courts, and the lack of controlling Tenth Circuit authority, Plaintiff suggests that the standards applied in *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should be applied to its Motion. The undersigned here follows the approach of previous decisions from this Court, which "have consistently concluded" that these pleading standards "do[] not apply with the same force to affirmative defenses." *Knighten*, 2018 WL 718533, at *2 n.1 (internal quotation marks omitted) (citing cases); *see also Frisby v. Samco Enters., Inc.*, No. CIV-19-697-G, 2019 WL 5196382, at *1 n.2 (W.D. Okla. Oct. 15, 2019).

In view of these considerations, the Court concludes that "at least in the ordinary circumstance, a more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-0397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009). A bare, laundry-list recitation of inapplicable defenses, however, is clearly improper. *See* Fed. R. Civ. P. 11(b)(2) (cautioning that defenses should be "warranted").

## DISCUSSION

Plaintiff first objects to Defendant's assertion that "Plaintiff's claims may be time barred," stating that this defense fails "to provide even the barest notice of what statute or regulation is actually applicable in this case." Pl.'s Mot. at 9. Plaintiff asserts that Defendant should be required to identify the statue of limitations referenced in this defense and make a factual showing of why the defense applies. *See id.* Because Plaintiff brings claims under only two statutes, both of which rely upon the same factual allegations, the Court concludes that Defense No. 4 of untimeliness provides sufficient notice, is sufficiently pled, and should not be stricken. *See Duncan v. M.A.R.S., Inc.*, No. CIV-14-825-D, 2014 WL 5681185, at *2 (W.D. Okla. Nov. 4, 2014) (declining to strike affirmative defense where only one claim was brought).

Plaintiff next objects that Defendant's contention that "Plaintiff did not comply with the Oklahoma Governmental Tort Claims Act, and compliance with it is a prerequisite to suing the City under the OADA" is legally insufficient and fails as a matter of law. *See* Pl.'s Mot. at 10. Plaintiff appears to argue that this defense attempts to immunize

3

Defendant from her federal claim for discrimination under Title VII.[2] *See id.* at 10-11. Plaintiff alleges violations of both the OADA and Title VII. *See* Compl. ¶¶ 3, 15, 16. Defense No. 7 is clearly directed to Plaintiff's claim for relief under the OADA and is sufficient with regard to that claim.

However, the Court discerns from Plaintiff's quotation of *Duncan v. City of Nichols Hills*, 913 P.2d 1303 (Okla. 1996), that she argues that "the notice provisions of the Governmental Tort Claims Act are preempted with respect to" her claim for violation of the OADA. *Duncan*, 913 P.2d at 1309. Defendant responds that: (1) *Duncan* is inapposite to the instant action because it discussed a subsequently repealed state disability statute; and, (2) the applicability of the OGTCA notice provisions to the OADA is an unresolved issue of law. For these reasons, Defendant contends that "as a cautious pleader," it "is clearly fully justified in submitting" this defense. Def.'s Resp. at 6.

In *Duncan*, the Oklahoma Supreme Court determined that "the legislature intended the Governmental Tort Claims Act to apply to tort actions brought against the state or a political subdivision, whereas the Oklahoma Anti–Discrimination statutes were intended to provide redress for the types of discrimination embodied in the federal Civil Rights Acts, even where the action is brought against the state or a political subdivision." *Duncan*, 913 P.2d at 1308. The *Duncan* court, therefore, held that the notice requirements of the OGTCA did not apply to the state antidiscrimination statutes. *See id.* at 1309.

---

[2] Plaintiff relies only on cases stating that a 42 U.S.C. § 1983 claim cannot be immunized by state law. The Court notes that Plaintiff has not stated a claim pursuant to § 1983.

Defendant cites a Petition for Certiorari for Certified Interlocutory Order filed in *Wheeler v. City of Blanchard*, District Court of McClain County Case No. CJ-2017-210, Oklahoma Supreme Court Case No. CI-117854. That Petition references a decision of the District Court of McClain County, Oklahoma, that "the holding of *Duncan v. City of Nichols Hills*, 1996 OK 16, 913 P.2d 1303, 1304, [is] controlling despite subsequent modifications of statute." *Wheeler*, No. CJ-2017-210, Order at 3 (Dec. 28, 2018). *See* Pet. for Certiorari (Doc. No. 17-6) at 6. The Court notes that the Oklahoma Supreme Court denied certiorari on May 6, 2019.[3] *See Wheeler*, No. CI-117854, Order (May 6, 2019).

In any event, this Court has recognized that "the Oklahoma Supreme Court appears to have concluded an OADA claim is not a 'tort' under the GTCA and, as the question is a matter of state law, its decision on the matter is the last word." *Bruehl v. Okla. ex rel. Okla. Indigent Def. Sys.*, CIV-13-1247-HE, 2014 WL 2879744, at *3 (W.D. Okla. June 24, 2014); *accord Hall v. Okla. Dep't of Rehab. Servs.*, No. CIV-17-497-D, 2018 WL 991543, at *7 n.8 (W.D. Okla. Feb. 20, 2018) ("OADA claims are not 'torts' within the meaning of the OGTCA, and are not subject to its provisions."). For these reasons, the Court finds that Defense No. 7 fails as a matter of law and Plaintiff's motion should be granted on this issue.

---

[3] "A court may take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tatten v. City & Cty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010)).

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 13) is GRANTED IN PART and DENIED IN PART. Defense No. 7 is STRICKEN. Plaintiff's Motion is otherwise denied.

IT IS SO ORDERED this 31st day of October, 2019.

CHARLES B. GOODWIN
United States District Judge